```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
VIJAY DOON,                                                 :
                                                            :
                        Plaintiff,                          :
                                                            :         DECISION & ORDER
           v.                                               :         21-CV-4492 (WFK)
                                                            :
COMMISSIONER OF SOCIAL SECURITY,                            :
                                                            :
                                                            :
                        Defendant.                          :
------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

On January 10 and 11, 2019, Vijay Doon ("Plaintiff") protectively filed for disability insurance benefits ("DBI") and supplemental security income ("SSI") pursuant to Title II and XVI of the Social Security Act, 42 U.S.C. §§ 301-1307 (1940) (the "Act"), respectively. Administrative Transcript ("Tr."), ECF No. 25 at 81. On September 14, 2020, Administrative Law Judge ("ALJ") Gloria Pellegrino denied Plaintiff's application. Plaintiff filed the instant action on August 10, 2021, after the Appeals Council declined to assume jurisdiction over Plaintiff's appeal of ALJ Pellegrino's unfavorable decision, and after the Commissioner of Social Security (the "Commissioner" or "Defendant") pursued no further action. On June 27, 2022, Plaintiff and Defendant filed cross-motions for judgement on the pleadings. Pl. Mot., ECF No. 19; Def. Mot., ECF No. 21. For the following reasons, Defendant's Motion is GRANTED, Plaintiff's Motion is DENIED, and the decision of the Social Security Administration is AFFIRMED.

## I.   BACKGROUND

On January 10, 2019, Vijay Doon ("Plaintiff") protectively filed for disability insurance benefits ("DBI") pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 301-1307 (1940) (the "Act"). Administrative Transcript ("Tr."), ECF No. 25 at 81. Plaintiff also filed for supplemental security income ("SSI") pursuant to Title XVI of the Act on January 11, 2019. *Id.* In support of these filings, Plaintiff alleges disability due to bipolar depression, depression, and schizophrenia with a disability onset date of December 31, 2018. *Id.* at 84.

1

The state agency reviewed Plaintiff's claims and denied his benefit's application on April 9, 2019 and again on August 19, 2019, upon reconsideration. *Id.* at 81. Thereafter, Plaintiff requested a hearing, which Administrative Law Judge ("ALJ") Gloria Pellegrino subsequently held on April 15, 2020. *Id.* The hearing proceeded telephonically due to the ongoing COVID-19 pandemic. *Id.* Nevertheless, Plaintiff, along with his counsel, Christopher D. Lathan, and vocational expert ("VE") Susan Howard were present. *Id. See also id.* 10-35 (hearing transcript).

On September 14, 2020, ALJ Pellegrino issued an unfavorable decision and denied Plaintiff's application for DBI and SSI on a finding Plaintiff was not disabled from his alleged disability onset date, December 31, 2018, through the day of her decision. *Id.* at 91.

ALJ Pellegrino's decision became final on April 6, 2021 when the Appeals Council declined to assume jurisdiction over Plaintiff's appeal, and the Commissioner took no further action. *Id.* at 1, 7. On August 10, 2021, Plaintiff filed a complaint challenging the ALJ's unfavorable decision, Compl., ECF No. 1, and on June 27, 2022, both Plaintiff and the Commissioner of Social Security ("Defendant" or "the Commissioner") filed cross-motions for judgment on the pleadings. Pl. Mot., ECF No. 19; Def. Mot., ECF No. 21.

This Court has jurisdiction to review Plaintiff's instant claims, and the parties' cross motions, pursuant to 42 U.S.C. § 405(g). It does so now.

**II.   STATEMENT OF FACTS**

The evidence in this case is undisputed. The Court adopts Defendant's factual recitation. Def. Mem., ECF No. 22, at 2-13.

### III. LEGAL STANDARD

#### A. The Standard for Entitlement to Disability Benefits

To be eligible for disability benefits and supplemental security income under Title II and XVI of the Act, an individual must be "disabled" as defined in 42 U.S.C. §§ 423(c)(1) and 1382c(a)(1)(B)(3). "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A); *id.* § 1382c(a)(1)(B)(3)(A). The impairment in question must be of "such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A); *id.* § 1382c(a)(1)(B)(3)(B). An individual must also meet the insured status requirements provided in sections 216(i) and 223 of the Act. *Id.* §§ 416(i) and 423.

The Commissioner evaluates disability claims using the five-step sequential process set forth in 20 C.F.R. § 416.920. *See McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i). If so, the claim will be denied without further review. If not, the second step is to determine whether the claimant has a "severe medically determinable physical or mental impairment." *Id.* § 416.920(a)(4)(ii). If the claimant has such an impairment, the third step is to determine whether the impairment or combination of impairments meets or equals one of the listings in Appendix 1 to 20 C.F.R. Part 404 ("the Regulations"), Subpart P ("the Listings"). *Id.* § 416.920(a)(4)(iii). If the claimant's impairment does not match any of the Listings, the fourth step requires the Commissioner to determine whether the claimant's residual functional capacity

("RFC") allows the claimant to perform their past relevant work. *Id*. § 416.920(a)(4)(iv). If the claimant can perform their past relevant work, the claimant is not disabled. If, however, the claimant cannot perform their past relevant work, the fifth and final step is to determine whether the claimant can perform any job existing in the national economy, considering his or her RFC and other vocational factors, such as work experience, age, and education. *Id*. § 416.920(a)(4)(v).

The claimant bears the burden of proof at steps one through four. *Rosa v. Callahan*, 168 F.3d 72, 77-78 (2d Cir. 1999). The burden shifts to the Commissioner at the fifth step. *Id*.; *see also Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009).

B.  The ALJ's Decision

ALJ Pellegrino's decision follows the five-step process outlined above. *See generally* Tr. at 81-91. As an initial matter, ALJ Pellegrino determined Plaintiff meets the Act's insured status requirements through December 31, 2024. Tr. at 84. Then, at step one, ALJ Pellegrino found Plaintiff had not engaged in substantial gainful activity from her alleged disability onset date through her date last insured. Tr. ("[Plaintiff] has not engaged in substantial gainful activity since December 31, 2018, the alleged onset date[.]"). At step two, the ALJ determined Plaintiff had the following severe impairments: bipolar depression, depression, and schizophrenia. *Id*. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1 ("the Regulations" or "the Listings"). *Id*. at 84-85. At step four, the ALJ determined Plaintiff retained the RFC to perform a full range of work at all exertional with some exceptions. *Id*. at 86-89. Namely, the ALJ concluded Plaintiff is "limited to performing simple, routine, and repetitive tasks with occasional contact with the public." *Id*. at 86. Also at step four, the ALJ found Plaintiff was incapable of performing his past relevant work as a medical billing coder and

4

receptionist as actually or generally performed. *Id.* at 89-90. However, at step five, the ALJ determined Plaintiff was capable of performing jobs that exist in significant numbers in the national economy. *Id.* at 90 (reaching this conclusion while considering Plaintiff's age, education, work experience, and RFC). Accordingly, ALJ Pellegrino concluded Plaintiff was not disabled at step five. *Id.* at 90-91 (referencing VE Howard's testimony, during which she opined Plaintiff could work as a janitor (Dictionary of Occupational Titles ("DOT") 381.687-014, which requires heavy exertion, and which carries a specific vocational preparation ("SVP") level of two); a housekeeper or cleaner ( DOT 323.687-014, which requires light exertion, and which carries an SVP level of 2); or as a laundry laborer (DOT 361.687-014, which requires medium exertion, and which with an SVP level of 2).

      C.     <u>The Standard of Review</u>

When a claimant challenges a denial of disability benefits by the Social Security Administration ("SSA"), the court's function is not to evaluate *de novo* whether the claimant has a disability. *Butts v. Barnhart*, 388 F.3d 377 (2d Cir. 2004). Rather, the court must determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Id.* at 384; *see also* 42 U.S.C. § 405(g). Substantial evidence in this context is "more than a mere scintilla." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation omitted).

The reviewing court must examine the entire record, weighing the evidence on both sides, to ensure the Commissioner has fairly evaluated a claim. *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (referencing *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983)). In doing so, the court will assess whether the ALJ has "consider[ed] all of the available medical evidence, including a

claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, 13-CV-3285, 2014 WL 4273321, at *12 (E.D.N.Y. Aug. 28, 2014) (Brodie, J.) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370–71 (2d Cir. 2012) (summary order)).

That said, it is the role of the Commissioner, not the courts, to weigh the conflicting evidence in the record and resolve any conflicts. *See Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012); *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998). The ALJ need "not resolve every conflict in the record[.]" *Calzada v. Astrue*, 753 F. Supp. 2d 250, 268–69 (S.D.N.Y. 2010) (Sullivan, J.) (internal quotation and alterations omitted). However, the ALJ must set forth with sufficient specificity "the crucial factors in any determination . . . to enable the reviewing court to decide whether the determination is supported by substantial evidence." *Id.* In addition, the ALJ must evaluate every medical opinion on record. 20 C.F.R. § 404.1527(c)(1), but he or she is directed to "give more weight to the medical opinion of a source who has examined [the claimant] than to the medical opinion of medical source who has not examined [the claimant]." *Id.* ALJs generally meet this burden so long as they "address all pertinent evidence" and "adequately explain [their] reasoning in making the findings on which [their] ultimate decision rests[.]" *Kane v. Astrue*, 942 F. Supp. 2d 301, 305 (E.D.N.Y. 2013) (Kuntz, J.) (quoting *Calzada*, 753 F. Supp. 2d at 269).

### IV.  DISCUSSION

Plaintiff challenges the ALJ's decisions on two grounds. *See generally* Pl. Mem., ECF No. 26. First, Plaintiff argues the ALJ's RFC determination is not supported by substantial evidence to the extent the ALJ failed to properly evaluate the opinion evidence of record. *Id.* at 6. Second, Plaintiff argues the ALJ failed to evaluate Plaintiff's credibility and thus failed to adequately

6

consider Plaintiff's subjective complaints. *Id.* at 10. Defendant addresses each of Plaintiff's arguments in turn. Def. Mem., ECF No. 22 at 12-24. This Court will do the same.

    1. <u>The Opinion Evidence of Record</u>

Plaintiff's first argument is that the ALJ failed to evaluate the mental opinions of record in accordance with the SSA's prevailing rules and regulations. Pl. Mem. at 7 (referencing 20 C.F.R. § 404.1520c). Plaintiff's argument proceeds as follows. The SSA "rules and regulations" set forth the "proper considerations to be used in evaluating medical opinion evidence to establish a claimant's RFC." *Id.* These rules instruct ALJs tasked with assessing the persuasiveness of a medical opinion or prior administrative medical finding to consider the (1) supportability, (2) consistency, (3) relationship, (4) specialization, and (5) other factors of the examiner, or the examiner's opinion, in light of the record as a whole. *Id.* § 404.1520c(c)(1)-(5). Plaintiff's medical record consists primarily of three examiners' opinions, those of (1) Toula Georgiou, Psy. D., (2) L. Haus, Psy. D, and (3) H. Rozelman, Ph.D. Tr. 89. Thus the ALJ failed to adequately assess these opinions in accordance with the five factors listed above when she conducted Plaintiff's RFC and disability analysis. *See* Pl. Mem. at 7-10.

Specifically, Plaintiff raises the following arguments: (1) the ALJ failed to address key portions of Dr. Georgiou's opinion before finding this opinion only "somewhat persuasive"; (2) the ALJ mischaracterized Dr. Georgiou's opinion "to the point where she did not even acknowledge the functional portion of the opinion"; (3) the ALJ provided insufficient justification for her decision to give only some weight to Dr. Georgiou's decision; and (4) the ALJ ignored Dr. Haus' opinion regarding some of Plaintiff's limitations before deeming his opinion "not persuasive." *Id.* at 8-10.

7

On the other hand, Defendant argues the "ALJ properly evaluated the medical opinion evidence under the regulations, including the most important factors of supportability and consistency." Def. Mem. at 12 (referencing Tr. 89). *See also* 20 C.F.R. § 404.1520c(a) ("The most important factors [the SSA] consider[s] when [the SSA] evaluates the persuasiveness of medical opinions and prior administrative medical findings are supportability…and consistency…"). Defendant adds, "the ALJ resolved differences between the opinion evidence and the RFC when she provided a brief summary of the evidence in her decision"; the ALJ provided "a discussion of the evidence" and "summarized her reasoning for the RFC in a paragraph[,]" in which she explained her decision to account for some of Plaintiff's examination deficits and exclude others based on the consistency and supportability of the examiner's opinion in light of Plaintiff's record as a whole. Def. Mem. at 12-16.

In response to Plaintiff's specific challenges, Defendant claims the following. First, the ALJ considered Dr. Georgiou's statements concerning Plaintiff's limitations, but she did not factor these limitations into Plaintiff's RFC because she found them to be inconsistent with the entire record. *Id.* at 17 (referencing Tr. at 88 (the ALJ's discussion of this point); *Tepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 79 (2d Cir. 2018) (summary order) ("Even where the ALJ's determination does not perfectly correspond with any of the opinions of medical sources cited in his decision, however, the ALJ was entitled to weigh all of the evidence available to make a residual functional capacity finding that was consistent with the record as a whole."); *Pellam v. Astrue*, 508 F. App'x 87, 89-20 (2d Cir. 2013) (summary order) ("There is no requirement that [the ALJ] accept the opinion of a consultative examiner concerning a claimant's limitations, and substantial evidence supported the ALJ's decision not to adopt many of [the consultative examiner's] conclusions…"); 20 C.F.R. § 404.1545(a)(1) (the SSA assesses RFCs based on all

8

relevant evidence in the record)). Second, "[t]he ALJ's discussion of the evidence and her summary of her reasoning resolves any conflicts between the RFC and the opinion evidence, *id.* at 18 (referencing Tr. at 88-89; *Miller v. Comm. of Social Sec.*, 409 F. App'x 384, 388 (2d Cir. 2010) (summary order) (noting the ALJ does not need to provide an explanation for why particular evidence is unpersuasive so long as the reviewing court can "glean the rationale of an ALJ's decision"); *Mongeur v. Heckler*, 722 F. 2d 1033, 1040 (2d Cir. 1983) (same)). Finally, the Court "should defer to the ALJ's finding because it is supported by substantial evidence" as the ALJ "properly evaluated the opinion evidence, and she resolved any potential conflict between this opinion evidence and the RFC by providing a rationale that showed what limitations she found supported by the record." *Id.* at 19.

      The Court agrees with Defendant and finds deference to the ALJ's decision is warranted here. *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) ("It is for the SSA, and not this court, to weigh the conflicting evidence in the record."). As previously stated, Plaintiff's record consists primarily of the medical opinions of Dr. Georgiou, Dr. Haus, and Dr. Rozelman. *See* Tr. 89. In assessing these opinions, the ALJ found Dr. Georgiou was "somewhat persuasive;" Dr. Haus was "not persuasive;" and Dr. Rozenman was "persuasive." *Id.* The Court finds the ALJ supported this finding with a thorough assessment of each examiner's opinion compared to Plaintiff's record as a whole. *Id.*

      With respect to Dr. Georgiou, the ALJ found only some of her examination findings were consistent with the entire record. *Id. See also id.* at 240-45 (Dr. Goerigou's disability determination). Dr. Georgiou opined Plaintiff "may have difficulties regulating his emotions, maintaining a regular work schedule, working at a consistent pace, having to interact with others in a work setting, and making work-related decisions due to psychiatric issues." *Id.* at 342. The

9

ALJ noted Dr. Georgiou's determination is bolstered by the fact she based her assessment on her in-person consultation with Plaintiff. *Id.* at 89. However, the ALJ also noted this opinion is not entirely consistent with Plaintiff's other mental status findings which evince Plaintiff exhibited "normal" mental conditions. *Id.* (referencing *id.* at 333-34 (portions of Plaintiff's record from Jamaica Hospital dated December 31, 2018 to January 14, 2019); *id.* at 373, 378, 380 (portions of Plaintiff's record from Jamaica Hospital dated October 5, 2015 to April 12, 2019); *id.* at 386, 479 (portions of Plaintiff's record from Queens General Hospital dated April 3, 2019 to September 4, 2019). Altogether, while the ALJ recognized there is evidence Plaintiff "presented as depressed, constricted, guarded, sad, and distractible, [his] symptoms were infrequent," *id.* at 89 (referencing *id.* at 373, 378, 394, 467) (relevant portions of Plaintiff's medical record from Jamaica Hospital and Queens General Hospital), and Dr. Georgiou failed to explain what Plaintiff's "specific mental functional limitations are and why[,]" *id.* at 89. *See also id.* 333 (during the course of Plaintiff's hospitalization at Jamaica Hospital, his symptoms improved with treatment and medication); *id.* at 333-34 (Plaintiff's mental status examination upon being discharged from Jamaica Hospital showed normal findings); *id.* 373-74 (during his psychological assessment at Queens Hospital on January 14, 2019, Plaintiff reported mental health issues but also noted general improvements).

Contrary to Dr. Georgiou's findings, Dr. Haus opined Plaintiff did not have severe mental impairments. *Id.* at 40, 48. *See also id.* at 36-51 (Dr. Haus' disability determination). The ALJ found this opinion altogether not persuasive to the extent this prior administrative medical finding was made before the record was fully developed and thus was based only on "sparse facts" available at the time. *Id.* at 89. Specifically, the ALJ rejected Dr. Haus' determination based on her finding the record evinced Plaintiff was "depressed, constricted, guarded, sad, and distractible" and therefore supported the notion Plaintiff exhibited clear mental health limitations, contrary to

Dr. Haus' conclusion. *Id*. at 89 (referencing *id*. at 373, 378, 394, 467) (portions of Plaintiff's medical records describing Plaintiff's mental health condition).

Finally, as to Dr. Rozelman, who opinioned Plaintiff "had the ability to work in coordination with or in proximity to others without being distracted by them ability to complete a normal workday and workweek without interruptions, and to perform at a consistent pace without an unreasonable number and length of rest periods; ability to accept instructions and respond appropriately to criticism from supervisors; and ability to set realistic goals or make plans independently of others" the ALJ found this opinion persuasive. *Id*. at 89. *See also id*. at 54-75 (Dr. Rozelman's disability determination). The ALJ reasoned as much on her finding this opinion was "supported with facts pertaining to [Plaintiff's] mental impairments and symptoms cited within their assessment" and it was "consistent with the medical record." *Id*. (referencing *id*. at 333-34, 373, 378, 380, 386, 394, 467, 479 (relevant portions of Plaintiff's medical record which show Plaintiff's symptoms were infrequent and generally normal).

The Court has reviewed Plaintiff's medical record and has weighed the opinions contained therein against the backdrop of the record as a whole. In so doing, the Court finds the ALJ reasonably determined the relative persuasion of Dr. Georgiou, Dr. Haus, and Dr. Rozelman; the ALJ adequately explained her rationale in doing so; and deference to the ALJ is warranted to the extent the ALJ's decision is supported with ample evidence in the record. *See Matta v. Astrue*, 508 Fed. Appx. 53, 56 (2d Cir. 2013) ("[A[lthough ALJ's conclusion did not perfectly correspond with any of the opinions of medical sources, ALJ was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."); *Davis v. Colvin*, 25-CV-6695, 2017 WL 745866, at *11 (W.D.N.Y. Feb. 27, 2017) (Payson, M.J.) ("Although the RFC must be supported by medical opinions, it is ultimately the ALJ's duty to formulate the RFC after

evaluating the opinion evidence, treatment records, and the testimony of the claimant."); *see also Trepanier v. Comm'r of Soc. Sec. Admin.,* 752 F. App'x 75, 79 (2d Cir. 2018) (summary order) (finding the same); *Schaal*, 134 F.3d at 504 (same).

2. <u>Plaintiff's Credibility and Subjective Complaints</u>

Plaintiff next argues the ALJ failed to evaluate Plaintiff's credibility as required by the regulations. Pl. Mem. at 10. This argument proceeds as follows. "When evaluating a claimant's symptoms, ALJs must use the two-step framework set forth in 20 C.F.R. § 404.1529 and [Social Security Rule ("SSR")] 96-7p. First, the ALJ must determine whether objective medical evidence presents a medically determinable impairment that could reasonably be expected to produce the claimant's alleged symptoms…Second, after finding a medically determinable impairment, the ALJ must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled." *Id.* at 10 (internal quotations and citations omitted) (referencing 20 C.F.R. § 404.1529c; SSR 16-3p). At step two, the ALJ must thoroughly consider evidence of pain. *Id.* (referencing *Meadors v. Astrue,* 370 F. App'x 179, 183-84 (2d Cir. 2010)). The ALJ here failed to do so. *Id.* at 10-11. The ALJ failed to do so here insofar as she merely stated Plaintiff's alleged disabling impairments are not fully supported by the objective medical record without providing adequate justification for this credibility finding. *Id.* at 10-11 (referencing SSR 96-7p ("The determination of decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear…the weight the adjudicator gave to the individual's statements and the reasons for that weight.")).

Defendant counters this argument by claiming the ALJ properly considered Plaintiff's subjective complaints in line with the dictates of 20 C.F.R. § 404.1529 and SSR 16-3p. Def. Mem.

12

at 19. In so saying, Defendant concedes "objective evidence is not the only consideration in symptom evaluation" at step two. *Id*. However, Defendant proceeds to note, the regulations make clear objective evidence is still "a useful indicator to assist in making reasonable conclusions about [a plaintiff's] symptoms" and, as Defendant earlier argues, the ALJ provided a thoughtful analysis of the objective medical evidence in this case. *Id*. (referencing Tr. at 86-88; 20 C.F.R. § 404.1529(c)(2)) (internal quotation marks omitted). Defendant adds, the regulations direct ALJs to consider the entire record and relevant factors in evaluating a plaintiff's symptoms, and, in line with this requirement, the ALJ "showed that she considered each of these factors in the regulations and SSR 16-3p" and "provided sufficient rationale under [these provisions]." *Id*. at 20.

The Court also agrees with Defendant on this point. The ALJ assessed Plaintiff's impairments and calculated Plaintiff's RFC based on numerous factors. Tr. 86-88. Included in the ALJ's decision is her analysis of both objective medical evidence and Plaintiff's subjective reporting. *Id*. The ALJ demonstrated she weighed Plaintiff's alleged symptoms against his record and determined the credibility of the former based on its consistency with the latter. *Id*. This was not in error but rather neatly comports with the dictates of the SSA's rules and regulations. *Taylor v. Barnhart,* 83 F. App'x 347, 250 (2d Cir. 2003) ("While subjective pain may serve as the basis for establishing disability, even if such pain is unaccompanied by positive clinical findings, the ALJ is nonetheless empowered to exercise discretion to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.") (internal quotation marks omitted); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir.1979) (ruling the same)). "If the [ALJ's] findings are supported by substantial evidence…the court must uphold the ALJ's decision to discount a claimant's subjective complaints of pain." *Aponte v. Sec'y, Dep't of Health & Hum. Servs. of U.S.,* 728 F.2d 588, 591 (2d Cir. 1984) (referencing *Richardson*

13

*v. Perales,* 402 U.S. 389, 401 (1971), *McLaughlin v. Secretary of Health, Education and Welfare,* 612 F.2d 701, 704 (2d Cir.1982)).  The Court does so here.

## V.     CONCLUSION

For the foregoing reasons, the Court hereby AFFIRMS the decision of the Social Security Administration.  Accordingly, Defendant's Motion for Judgment on the Pleadings, ECF No. 21, is GRANTED, and Plaintiff's Motion for Judgment on the Pleadings, ECF No. 19, is DENIED.  The Clerk of Court is respectfully directed to terminate all pending motions and close this case.

SO ORDERED.

**s/WFK**

_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: November 13, 2023
      Brooklyn, New York